IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02527-GPG-KAS

JANE DOE, a United States citizen, and Colorado resident,

    Plaintiff,

v.

ABDLCOMMUNITYFORUS.COM d/b/a ABDL Community, ABDL Community For All, and ABDL Community For Us, a business operating in the United States,
JOHN ROE, owner and operator of ABDL COMMUNITYFORUS.com and a United States citizen of unknown domicile, and
JANE ROES 1-2, employees or agents of JOHN ROE and ABDL COMMUNITYFORUS.COM

    Defendants.
_____

**ORDER**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff Jane Doe's **Motion for Leave to Conduct Discovery** [#3] (the "Motion"). As discussed in this Order, the Defendants' identities are currently unknown and they have not been served, therefore, they did not file a Response. The Court has reviewed the brief, the entire case file, and the applicable law. For the reasons stated below, the Motion [#3] is **GRANTED IN PART; DENIED IN PART**.

                              **I.    Background**

In this lawsuit, Plaintiff brings claims of invasion of privacy (sometimes referred to as misappropriation of likeness); intentional infliction of emotional distress; violations of the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §

1961, *et seq.*; violations of the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. § 18-17-104(3), *et seq.*; tortious interference with prospective business relations; *respondeat superior*; aiding and abetting; and joint liability. *First Am. Compl.* [#12] ¶¶ 63-101. Plaintiff also seeks a permanent injunction. *Id.* at ¶¶ 102-7.

Plaintiff is a successful sex industry professional and is established in the areas of erotic modeling, performance art, and "exclusive VIP-only, private themed parties." *Motion to Proceed Under Pseudonym* [#2] at 2-3. Plaintiff maintains a fictitious performing persona and takes "extensive efforts to hide her real identity and other private details[.]" *Id.* at 2. This lawsuit involves the alleged misuse by Defendants of Plaintiff's photographs and name without Plaintiff's permission. *See generally First Am. Compl.* [#12].

Plaintiff alleges that Defendants are holding out photographs and videos of Plaintiff, to which she holds the intellectual property rights, as their own to unwitting customers. *Id.* at ¶¶ 13-18, 24-31. Plaintiff alleges that customers believed they were interacting with Plaintiff, but that, in reality, it was various Defendants impersonating her. *Id.* at ¶¶ 13-17, 26-28, 30-31, 82. She alleges that the false representation occurred on the ABDL Community website, phone application, and other social media websites. *Id.* at ¶¶ 10-36. Plaintiff's complaint alleges that Jane Roe 1 and Jane Roe 2 were using Plaintiff's name and images and holding themselves out as Plaintiff. *Id.* Jane Roe 2 advertised services as a "senior caregiver" within the ABDL Community phone application under the name "Mommy Tina" while allegedly using Plaintiff's likeness. *Id.* at ¶¶ 25-28. Plaintiff also alleges that the ABDL Community Facebook page posted a

2

video reel advertising its services and platform where one of the "senior caregivers" is using Plaintiff's photographs. *Id.* at ¶¶ 35-36. Plaintiff indicates she never gave Defendants or their agents permission to use her name or likeness. *Id.* at ¶¶ 59, 90-91.

Plaintiff alleges that Jane Roe 2, while holding herself out as Plaintiff, also extorted money from a customer and "threatened to post or otherwise distribute all of [the customer's] intimate images in her possession on social media and contact his wife unless he sent her $800.00 USD." *Id.* at ¶ 28-32. The business entity 'ABDL Community' as well as the owner and employees or agents are the Defendants in this matter. *Id.* at 1-2.

## II.     Analysis

In the instant Motion, Plaintiff seeks leave to conduct discovery to identify the unknown John Roe and Jane Roe Defendants. *Motion* [#3] at 1. Plaintiff argues that the "defendants that Plaintiff is seeking to prosecute in this litigation have taken measures to hide or conceal their identities from Plaintiff." *Id.* She asserts that the John Roe and Jane Roe Defendants "have used fictitious names and other false or misleading information to conceal their true identities from the Plaintiff, including using a domain privacy service through NameCheap.com to hide their personally identifying information when the John Roe defendant registered, paid for, created, and published the website located at www.abdlcommunityforus.com." *Id.* at 2. Plaintiff alleges the "John Roe and Jane Roe defendants used the website in question to fraudulently hold themselves as Ms. Doe and solicit and obtain funds from ABDL Community customers." *Id.* at 3. The ABDL Community describes itself as "'a social Space where all ABDLs connect & meet

3

new people for friendships & long relationships Abdl's, BDSM, MOMMY & DADDY WORLDWIDE.'" *First Am. Compl.* [#12] ¶¶ 18, 21, 26-31, 36, 59, 64-65.

The business entity 'ABDL Community' as well as the owner and employees or agents are the Defendants in this matter. *Id.* at ¶¶ 2-5, 25-6, 58-9. Plaintiff argues conducting discovery is "necessary to identify the John Roe and Jane Roe defendant(s) and properly name and include them as a defendant(s) in this case." *Motion* [#3] at 5. Plaintiff indicates that "prior to commencing this lawsuit and in an attempt to identify the Jane Doe defendant(s), [she] has conducted a thorough investigation, including identifying interactive computer service operators and others who may be in possession of valuable information related to the identity of the John Roe and Jane Roe defendant(s)." *Id.* at 2. She argues that the contemplated subpoenas will help trace and identify "the individuals responsible for the action described in Plaintiff's Complaint, including their agents and Jane Roe defendants, as the John Roe defendant accessed the online accounts in question from various IP addresses and provided the online accounts with other identifying information which may be provided by the parent corporation pursuant to a lawful subpoena." *Id.*

Plaintiff seeks to serve a Rule 45 subpoena on the following entities: (1) NameCheap, Inc., (2) Wix.com, Ltd., (3) PayPal Holdings, Inc., (4) Flutterwave, Inc., (5) Google, LLC, and (6) Instagram, LLC. *Id.* at 3.

Generally, formal discovery under Federal Rule of Civil Procedure 26(d) begins once the parties have conferred as Rule 26(f) requires. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as

required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). However, the Court may exercise its discretion to "alter the timing, sequence, and volume of discovery." *See Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). The early discovery must be "narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.,* No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011).

A party seeking expedited discovery has the burden of showing good cause for the requested departure from usual discovery procedures. *Nellson v. Barnhart*, No. 20-cv-00756-PAB, 2020 WL 3000961, at *3 (D. Colo. June 4, 2020) (citing *Qwest Commc'ns Int'l*, 213 F.R.D. at 419; Fed. R. Civ. P. 26(b)). Expedited discovery has been granted in cases where discovery of certain facts is "unusually difficult or impossible." *See Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002).

Courts in this district have allowed discovery into unknown defendants who are only able to be identified via early discovery so long as the subpoenas are narrowly tailored to discovering the unknown parties' identities. *Trainor v. Doe*, No. 22-cv-00350-RM-NYW, 2022 WL 444396, at *3 (D. Colo. Feb. 14, 2022) (granting leave to conduct discovery to identify unknown defendants via subpoena to the third-party Internet Service Provider ("ISP")); *Adv. Career Techs., Inc. v. Does 1–10*, No. 13-cv-00304-WJM-KLM, 2013 WL 1934005, at *1 (D. Colo. Mar. 11, 2013) ("[T]here is no other

5

feasible method for Plaintiff to obtain the identity of John Does 1–10 other than through service of third party subpoenas prior to the commencement of discovery in this matter."); *Liberty Media Holdings, LLC v. Colo. Members of Swarm*, No. 11-cv-01170-WJM-KMT, 2011 WL 1812554, at *2 (D. Colo. May 12, 2011) (finding good cause for expedited discovery where defendants "have engaged in anonymous online behavior, which will likely remain anonymous unless Plaintiff is able to ascertain their identities."); *Arista Recs. LLC v. Does 1-9*, No. 07–cv–00628–EWN–MEH, 2007 WL 1059049, at *1 (D. Colo. Apr. 4, 2007) (allowing discovery where "Plaintiffs have proposed narrowly tailored discovery which will ultimately permit them to serve process if possible and move forward with this lawsuit, by use of a Rule 45 subpoena served upon the Defendants' ISP, Qwest.").

Plaintiff indicates that NameCheap, Inc. is the registrar and web host of www.abdlcommunityforus.com. *Motion* [#3] at 3. As noted, Plaintiff asserts that "John Roe and Jane Roe defendants used [www.abdlcommunityforus.com] to fraudulently hold themselves as Ms. Doe and solicit and obtain funds from ABDL Community customers." *Id.* Plaintiff also argues that Defendant John Roe "supplied identifying information, including payment information, first and last name, and address, to NameCheap, Inc., when he registered, paid for, created, and published the Website." *Id.* Plaintiff asserts that "NameCheap.com is the privacy proxy service used by the John Roe defendant to conceal his name and other identifying information associated with

the website located at www.abdlcommunityforus.com from the ICANN[1] WHOIS database and other public records." *Id.* The ICANN WHOIS domain database is purportedly "a listing of all registered Internet domain names." *First Am. Compl.* [#12] ¶ 54.

Plaintiff asserts that Namecheap.com is "an ICANN-accredited domain name registrar and web hosting company based in Phoenix, Arizona, which allows subscribers to list Namecheap.com as their administrative and technical contacts in the Internet's WHOIS database, thereby delegating responsibility for managing unsolicited contacts from third-parties and keeping the domains owners' personal information secret." *Id.* at ¶ 56. For example, the ICANN WHOIS domain database entry for www.abdlcommunityforus.com lists "NameCheap, Inc." as the registrar and "abuse@namecheap.com" as the registrar abuse contact email. *Id.* at ¶ 55. In her Motion, Plaintiff argues that through a Rule 45 subpoena she will request NameCheap, Inc. produce documents identifying the Defendants because "[b]ased on information and belief, NameCheap, Inc., has in their custody, possession, or control customer records associated with ABDL Community and its owner, John Roe, including but not limited to the IP Address, email address, and payment information, used by the ABDL Community and its agents, including but not limited to the Jane Roe defendants when they unlawfully assumed the identity of Ms. Doe to defraud consumers of their funds." *Motion* [#3] at 2-3.

---

[1] The Internet Corporation for Assigned Names and Numbers ("ICANN") "is a nonprofit organization responsible for coordinating the maintenance and procedures of several databases related to Internet namespaces." *First Am. Compl.* [#12] ¶ 51.

Plaintiff also asserts that the "John Roe defendant also created and registered accounts with the other aforementioned entities, which he and his agents, including the Jane Roe defendants, then used to accept customer funds under the false pretense of purchasing services to be performed by Ms. Doe." *Id.* at 3. The aforementioned entities are Wix.com, Ltd., PayPal Holdings, Inc., Flutterwave, Inc., Google, LLC, and Instagram, LLC. *Id.* Plaintiff alleges that these entities also have in their possession, custody, or control "the IP addresses associated with each login attempt and unauthorized transfer of customer funds, as well as the payment and identifying information supplied by the John Roe and Jane Roe defendants." *Id.* at 3-4. She asserts that this may include the receiving account for "any fee or dividend from the funds provided to entities by said customers." *Id.* at 4. Plaintiff notes a second subpoena to the ISP associated with each IP address may be needed after the IP addresses are obtained to determine the customer associated with the respective IP address. *Id.*

Plaintiff argues that the discovery she proposes is limited and "'narrowly tailored to seek information necessary' to identifying the Jane Doe defendant(s)." *Id.* (quoting *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10–cv–03075–CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011)). She also argues that good cause exists for a limited expedited discovery because "she cannot identify the John Roe and Jane Roe defendant(s) through information that is publicly available or through the efforts of several different cyber forensic efforts." *Id.* at 5. Additionally, Plaintiff argues that in the absence of subpoenas, state and federal law as well as privacy and confidentiality

8

policies of the entities will "prohibit Plaintiff from receiving the information necessary to identify the John Roe and Jane Roe defendant(s)." *Id.*

The Court concludes that good cause exists to permit Plaintiff to conduct expedited discovery to uncover the identities of the John Doe and Jane Doe Defendants. Defendants in this matter must be identified before this suit can proceed. Without discovery, Defendants will likely remain anonymous unless Plaintiff is able to ascertain their identities, an unlikely prospect given Plaintiff's unsuccessful efforts and Defendants' apparent intent to remain anonymous. The Court concludes that good cause exists for Plaintiff to conduct expedited discovery, pursuant to Fed. R. Civ. P. 45, for the limited purpose of discovering the identities of the John Doe and Jane Doe Defendants.

That said, not all of Plaintiff's requests for production appear narrowly tailored to seek Defendants' identifying information. A number of requests for production ("RFPs") seek "[a]ll Documents and ESI[2] evidencing, referring, and/or relating to the Transaction History for any [entity] accounts owned, controlled, operated, affiliated with, and/or utilized by" an email address, website, or account related to ABDL Community. *Pl.'s Subpoena to NameCheap. Inc.* [#3-2] at 6. The requests seeking transaction history are RFPs 1-2 of the NameCheap, Inc. subpoena, RFPs 1-2 of the Flutterwave Payments, LLC subpoena, RFPs 1-2 of the Paypal Holdings, Inc. subpoena, RFPs 1-3 of the

---

[2] "'Electronically Stored Information' or 'ESI' shall refer to electronically stored information, and includes both active and residual ESI kept in the ordinary course of business. Residual ESI includes, but is not limited to, deleted files, overwritten files, file fragments, or other data found in ambient space on electronic storage media. Active ESI includes, but is not limited to, information readily available and accessible to computer users through existing file management programs." *See e.g., Pl.'s Subpoena to NameCheap, Inc.* [#3-2] at 5.

Wix.com, Inc. subpoena, RFPs 1-5 of the Instagram, LLC subpoena , and RFPs 1-7 of the Google, LLC subpoena. *Id.*; *Pl.'s Subpoena to Flutterwave Payments, LLC,* [#3-3] at 6; *Pl.'s Subpoena to Paypal Holdings, Inc.,* [#3-6] at 6; *Pl.'s Subpoena to Wix.com, Inc.,* [#3-5] at 6; *Pl.'s Subpoena to Instagram, LLC,* [#3-4] at 6; *Pl.'s Subpoena to Google, LLC,* [#3-7] at 6. The subpoenas define transaction history as "all payments sent from, received by, and/or withdrawn from a [entity] user account, from January 1, 2019, to the present." *See e.g., Pl.'s Subpoena to Google, LLC,* [#3-7] at 5.

Plaintiff offers no explanation as to how the transaction history records are narrowly tailored to identifying the unknown Defendants. "The early discovery must be narrowly tailored to seek information necessary to support expedited or preliminary relief." *Trainor v. Doe*, No. 22-cv-00350-RM-NYW, 2022 WL 444396, at *2 (D. Colo. Feb. 14, 2022) (internal quotation marks and citation omitted). The Court is not persuaded that the transaction-history requests are narrowly tailored for the purpose of identifying unknown Defendants. Plaintiff's requests involving transaction history are too broad for the limited purpose of the early discovery. The Motion is **denied** as to the requests for production involving transaction history. *Motion* [#3]. Plaintiff can gather information regarding transaction history once formal discovery in this matter has begun.

Similarly, RFPs 7 and 8 of the subpoena to Flutterwave Payments, LLC, and PayPay Holdings, Inc., seek "[f]rom January 1, 2019, until present, written records of all financial transactions for the [entity] accounts associated with" the ABDL Community. *Pl.'s Subpoena to Flutterwave Payments, LLC,* [#3-3] at 6-7; *Pl.'s Subpoena to Paypal*

10

*Holdings, Inc.,* [#3-6] at 6. For the same reasons discussed above, these requests are too broad for the narrow purpose of identifying the unknown Defendants. The Motion is **denied** as to these requests.

RFPs 9 and 10 of the subpoenas to Flutterwave Payments, LLC, and PayPay Holdings, Inc., seek "[f]rom January 1, 2019, until present, copies of all communications related to, about, or concerning the [entity] accounts associated" with ABDL Community. *Pl.'s Subpoena to Flutterwave Payments, LLC,* [#3-3] at 7; *Pl.'s Subpoena to Paypal Holdings, Inc.,* [#3-6] at 6-7. Plaintiff seeks a broad array of communication records of accounts associated with the ABDL Community. Once again, these requests are not narrowly tailored for the purpose of revealing Defendants' identities. Therefore, the Motion is **denied** as to RFPs 9 and 10 of the subpoenas to Flutterwave Payments, LLC, and PayPay Holdings, Inc. Plaintiff can pursue such information once formal discovery in this matter has begun.

Plaintiff's subpoena to Instagram, LLC, also seeks information about an Instagram account "goddess_katmarie[.]" *Pl.'s Subpoena to Instagram, LLC,* [#3-4] at 6. RFPs 5-7 seek the transaction history, all identifying information of the owner/registration of the account, and "[f]rom January 1, 2019, until present, all account documents, including account information that identifies the true name, current and permanent addresses, billing address, telephone numbers, email address, IP addresses, and Media Access Control ("MAC") addresses of the owners(s)/registrant(s) for the Instagram account[.]" *Id.* Plaintiff's complaint and motion are devoid of any mention of the goddess_katmarie much less an explanation how discovery into this

11

account is narrowly tailored to identifying the Jane and John Doe Defendants. The Court finds the RFPs 5-7 involving goddess_katmarie are not narrowly tailored to the limited purpose of discovering the identities of the unknown Defendants. The Motion is **denied** as to RFPs 5-7 of the subpoena to Instagram, LLC. *Pl.'s Subpoena to Instagram, LLC,* [#3-4] at 6.

The remaining RFPs of the subpoenas seek information regarding the owner/registrant from accounts that appear associated with ABDL Community and seeks "the name(s) of the operator(s), the physical address(es), telephone number(s), and email address(es)." *See e.g., Id.* at 7. RFPs also seek "all account documents, including account information that identifies the true name, current and permanent addresses, bank accounts, billing address, telephone numbers, email address, IP addresses, and Media Access Control ("MAC") addresses of the [entity] accounts" from accounts that appear associated with ABDL Community. *See e.g., Pl.'s Subpoena to Flutterwave Payments, LLC,* [#3-3] at 6. The Court concludes the remaining RFPs are narrowly tailored to the purpose of identifying the unknown Defendants. The Motion is **granted** as to the remaining RFPs. *Motion* [#3].

### III. Conclusion

**IT IS HEREBY ORDERED** that:

1. Plaintiff's **Motion for Leave to Conduct Discovery** [#3] is **DENIED IN PART** as to:

    a. RFPs 1-2 of the subpoena directed at NameCheap, Inc. *Pl.'s Subpoena to NameCheap. Inc.* [#3-2] at 6.

    b. RFPs 1-2, 7-10 of the subpoena directed at Flutterwave Payments, LLC. *Pl.'s Subpoena to Flutterwave Payments, LLC*, [#3-3] at 6.

    c. RFPs 1-7 of the subpoena directed at Instagram, LLC. *Pl.'s Subpoena to Instagram, LLC*, [#3-4] at 6.

    d. RFPs 1-3 of the subpoena directed at Wix.com, Inc. *Pl.'s Subpoena to Wix.com, Inc.*, [#3-5] at 6.

    e. RFPs 1-2, 7-10 of the subpoena directed at Paypal Holdings, Inc. *Pl.'s Subpoena to Paypal Holdings, Inc.*, [#3-6] at 6.

    f. RFPs 1-7 of the subpoena directed at Google, LLC. *Pl.'s Subpoena to Google, LLC*, [#3-7] at 6.

2. Plaintiff's **Motion for Leave to Conduct Discovery** [#3] is **GRANTED IN PART** as to all the other RFPs contained in the subpoenas;

3. Plaintiff may serve the third-party subpoenas respectively on the various entities consistent with the directives of this Order **no later than January 10, 2024**;

4. Plaintiff shall also serve each entity a copy of this Order with each subpoena;

5. Plaintiff may only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing her rights as set forth in the First Amended Complaint [#12]. The Court warns Plaintiff that improper use of the information obtained by the subpoenas may result in sanctions.

Dated:  December 8, 2023              BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge